IN THE UNITED STATES BANKRUPTCY COURT
IN AND FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE ) | Case No. BK 23-40439-TLS |
| ) | |
| KMS SHUTTLE SERVICE, LLC ) | |
| d/b/a Central Nebraska Auto Sales, ) | Chapter 11 |
| d/b/a Cox Capital Properties ) | |
| ) | |
| Debtor. ) | |

**AFFIDAVIT OF JESSE DUBAS IN SUPPORT OF REQUEST FOR SHORTENED NOTICE AND EXPEDITED HEARING ON PINNACLE BANK'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

STATE OF NEBRASKA    )
                     ) ss.
COUNTY OF HAMILTON   )

I, Jesse Dubas, being first duly sworn upon oath, depose and state as follows:

1.　I am over 21 years of age and competent to testify about the facts set forth herein and I do so from personal knowledge.

2.　I am employed as a Vice President by Pinnacle Bank ("Pinnacle"), a secured creditor herein.

3.　In my capacity as Vice President, I have access to the business and books and records with regard to the matters stated herein based upon a review of the business records of Pinnacle as they related to the Debtor. The business records were made at or near the time of the event described, by or from information transmitted by a person with knowledge of the events. These records are kept in the ordinary course of Pinnacle's business. I have access to, have reviewed and am familiar with the Pinnacle's records concerning the loans that are the subject of this action. I am currently responsible for administering the loans. As such I am the custodian of Pinnacle's records concerning the loans.

1

4. The Debtor operated a motor vehicle and trailer dealership at 617 S. Lincoln Ave., York, York County, Nebraska.

5. Pinnacle has provided financing for Debtor's operation since 2021. A description of the financial relationship between the Debtor and Pinnacle is set forth in Pinnacle's Complaint for Replevin attached hereto as Exhibit 1 and incorporated herein by this reference ("Replevin Complaint"). The allegations of the Replevin Complaint are true.

6. On April 21, 2023, the District Court of York County, Nebraska entered a Temporary Order in Replevin and Notice of Hearing, which was served upon the registered agent of the Debtor on April 26, 2023 via certified mail. The Temporary Order in Replevin and Notice of Hearing was amended by the Amended Temporary Order in Replevin and Notice of Hearing entered April 26, 2023, and the Second Amended Temporary Order in Replevin and Notice of Hearing entered May 8, 2023, each amendment being solely for the purpose of modifying the hearing date for the hearing on Pinnacle's Request for Delivery. The Second Amended Temporary Order in Replevin and Notice of Hearing was personally served upon the Debtor on May 11, 2023. The original Temporary Order in Replevin and the amendments thereto require that the Debtor hold Pinnacle's collateral "in your possession, unimpaired and unencumbered, and in all respects in the same state and condition as at the time you received this Order until further Order of the Court."

7. The Debtor filed its Bankruptcy petition on May 10, 2023 and filed a Suggestion in Bankruptcy in the York County District Court replevin action on May 11, 2023.

8. Notwithstanding the Temporary Order in Replevin and amendments thereto, and the failure of the Debtor to seek Court approval to use or dispose of property of Debtor's bankruptcy estate (which was Pinnacle's Collateral), the Debtor's principal, Tyler Cox,

continued to sell Pinnacle's collateral after being served with the Temporary Order, and both before and after filing its Bankruptcy petition. The Debtor and Debtor's principal, Mr. Cox, has failed to deposit the proceeds from said sales in Debtor's account at Pinnacle.

9. For instance, through conversations with representatives of Woodhouse Auto Group, I have learned that on May 12, 2023, the Debtor traded in the following items which Debtor had reported to Pinnacle as being Debtor's inventory, and which were Pinnacle's collateral, plus a check for $17,424.00 drawn on a Pinnacle Bank account for which there were no available funds at the time the check was issued (and for which there are currently no available funds):

| Inventory Item | Reported Collateral Value | VIN | Stated Location |
| --- | --- | --- | --- |
| 2020 Dodge 5500 Crew Cab | | 3C7WRMFL6LG155468 | York, NE |
| 2019 Kaufman Trailer | | 5VGFW5039KL009511 | York, NE |
| 2015 BMW 535i | | WBA5B3C58FD540526 | York, NE |

In exchange, Woodhouse sold Debtor or Debtor's principal, Mr. Cox, a 2023 GMC Sierra, which upon information and belief, Mr. Cox is using for his personal use. In other words, Mr. Cox converted the foregoing items from inventory (which was Pinnacle's collateral and subject to Pinnacle's perfected security interest as evidenced by its filed UCC-1 Financing Statement), to non-inventory, in which Pinnacle's lien remains only temporarily perfected pursuant to U.C.C. § 9-315. Furthermore, because of the automatic bankruptcy stay, and because Pinnacle lacks information about the property into which Pinnacle's collateral has been converted, Pinnacle is unable to permanently perfect its security interest in the newly acquired vehicle.

10. Furthermore, a physical inspection of Debtor's dealership lot reveals that the Debtor has little or no inventory stored on said lot. Most of the collateral that Debtor has reported

3

to Pinnacle as being part of Pinnacle's collateral pool has disappeared, or at least, its whereabouts are unknown to Pinnacle.

11. It appears from the lack of activity on Debtor's dealer lot, and the lack of transactions taking place in the Debtor's accounts held with Pinnacle, that the Debtor has ceased operating. The Debtor has never disclosed the fact that it has ceased operations to Pinnacle.

12. The aggregate balance of the loans owed by Debtor to Pinnacle as of the Petition Date was $1,320,173.32.

13. Pinnacle is under-secured, and the Debtor lacks any equity in the subject collateral. Furthermore, because the Debtor has ceased operations, Pinnacle's collateral is not necessary for a successful reorganization.

14. Pinnacle lacks adequate protection as a result of the Debtor's misappropriation of Pinnacle's collateral, which has caused the value of Pinnacle's collateral to diminish and will continue to cause the value of Pinnacle's collateral to diminish without any reasonable prospect to recover the lost value every day that the Debtor and/or Mr. Cox are permitted to retain possession of the collateral and convert the same.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Jesse Dubas

Subscribed and sworn to before me this 30th day of May, 2023.

GENERAL NOTARY - State of Nebraska
SUSAN C. PENNER
My Comm. Exp. January 26, 2024

_____
Susan C. Penner
Notary Public

4