IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | Case No. BK 23-40439 |
| | ) | |
| KMS SHUTTLE SERVICE, LLC, | ) | |
| | ) | |
| | ) | |
| Debtor(s). | ) | Chapter 11 |

## OBJECTION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY FILED BY PINNACLE BANK

COME(S) NOW the Debtor(s), by and through its attorney, John A. Lentz, and hereby objects to the Motion for Relief from the Automatic Stay filed by Pinnacle Bank ("Pinnacle") for the following reasons and each of them:

1. Debtor consents to the surrender of any of its vehicle inventory as it has ceased its auto dealership and has indicated such in its initial debtor interview with the US Trustee.
2. Debtor alleges that it is current on all deeds of trust with Pinnacle and that the properties subject to such deeds of trust are necessary for a full and effective reorganization herein. The properties are various rental properties; one being commercial and the others residential.
3. Some of the vehicles identified within Pinnacle's motion, that it alleges were misappropriated/etc. are titled in the name of Tyler Cox and there is a lien notated on the titles by Pinnacle, including a 1990 Chevrolet K1500; a 2010 Chevrolet Camaro SS; a 2105 Land Rover Range Rover, a trailer, and a four wheeler. These vehicles have always been titled in Tyler Cox's name and were at the time they were pledged as collateral. They were never Debtor's property.
4. Tyler Cox is in a Chapter 13 Bankruptcy, filed on 05/10/2023 as BK23-40440.
5. Debtor does indeed consent to a retrieval of any vehicle inventory that Pinnacle bank has a *perfected* security interest in. To allow Pinnacle to recover vehicles it does not have a perfected security interest in would impair a proper distribution to unsecured creditors. Holding a title is not a effective way to perfect a security interest in Nebraska.
6. One security agreement identified and provided by Pinnacle contains a blanket interest in all of Debtor's accounts, equipment, contracts etc. Loan Date 09/07/2021. To allow Pinnacle to execute on this property would destroy Debtor's chances of reorganization herein as it would include the DIP account, and other property that is necessary to maintain during this case.
7. Various vehicles are under an installment contract with customers of the car lot, which was approved by Pinnacle, however, retrieval of these vehicle, to the extent they are collateral would cause Debtor to have additional claims against it and also reduce income to Debtor.
8. Debtor's plan was to reduce it's vehicles utilized in its transport business, however, it has since reversed all deals associated with the alleged Woodhouse trade in and Debtor is in possession of the collateral vehicles and has returned the 2023 GMC Sierra. Previously, Debtor was utilizing much larger trucks for transport and in a goal to reduce overhead, it was going to do such a deal, however, since filing bankruptcy, Debtor became aware of it's duty

      to not dispose of property and reversed the transaction. Pinnacle was not notated on the titles as a lienholder on any vehicles Debtor planned on trading in.

9. Debtor can and will sell vehicle inventory and has multiple contacts that are likely interested in the busses, and trailers, and all vehicle inventory and Debtor would be able to realize a much greater amount in sale of the collateral than Pinnacle would acquire at auction.

      WHEREFORE Debtor(s) pray that Creditor's Motion for Relief from the Automatic Stay be denied.

By:   /s/ John A. Lentz  
     John A. Lentz, #24420  
     Lentz Law, PC, LLO  
     650 J Street, Suite 215B  
     Lincoln, NE 68508  
     (402) 421-9676  
     john@johnlentz.com  
     Attorney for Debtor(s)

## CERTIFICATE OF SERVICE

The undersigned relies on the ECF system to provide notice of the foregoing to the Office of the Unite States Trustee, James A. Overcash, Chapter 11 Trustee, and counsel for Creditor.

     /s/ John A. Lentz  
     John A. Lentz